IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| D.S., | : |
|     Petitioner, | : |
| v. | : Case No. 4:24-cv-00090-CDL-MSH |
| | : 28 U.S.C. § 2241 |
| Warden, STEWART DETENTION CENTER, *et al.*, | : |
|     Respondents.[1] | : |

_____

## ORDER TO ANSWER

Petitioner has applied for habeas corpus relief under 28 U.S.C. § 2241 (ECF No. 1). Pursuant to the memorandum of understanding with the United States Attorney for the Middle District of Georgia, a copy of the petition and a copy of this Order shall be automatically served on the United States Attorney and Respondent electronically through CM/ECF. Respondent shall file a Return within three (3) days. *See* 28 U.S.C. § 2243. In the Return, Respondent shall specifically state the statutory basis for Petitioner's detention. Petitioner's failure to keep the Court apprised of any change of address may result in a dismissal for failure to prosecute this action.

---

[1] Petitioner also names the United States Attorney General, the Secretary of the Department of Homeland Security, the Director of Immigration and Customs Enforcement ("ICE"), and the Atlanta field office director of ICE as respondents in his Petition. However, when a petitioner challenges the validity of physical confinement through a habeas application, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Accordingly, the Court will remove these respondents from the case and leave only the Warden of Stewart Detention Center, where Petitioner is currently detained, as Respondent. The Clerk is **DIRECTED** to correct the docket and case caption to reflect this change.

**SO ORDERED**, this 18th day of June, 2024.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE